IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD SNOW,                          )
      Petitioner,              )    C.A. No. 08-114 Erie
                                    )
      v.                       )
                                    )    Chief Magistrate Judge Baxter
FRANCISCO QUINTANA,                 )
WARDEN, F.C.I. McKEAN               )
      Respondent.              )

# OPINION AND ORDER[1]

Chief Magistrate Judge Susan Paradise Baxter.

## I.  INTRODUCTION

Petitioner, Todd Snow, is a federal inmate currently incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania. In April 2005, he pleaded guilty to the following two crimes in the United States District Court for the Western District of New York: (1) a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute five grams or more of cocaine base); and (2) a violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). He was sentenced to an aggregate term of 78-months imprisonment. Petitioner's projected release date is currently set at October 6, 2011, assuming he receives all good conduct time available.

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks an order from this Court directing the Bureau of Prisons ("Bureau") to find him eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). [Document # 1]. In support of his request for relief, he makes one claim: that 28 C.F.R. § 550.58(a)(1)(vi)(B) is invalid because the Bureau failed to articulate an adequate rationale in the administrative record in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Because the Bureau did not apply

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

that regulation to Petitioner, his petition is denied.

### A. Relevant Statutory, Regulatory, and Policy Scheme

18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute to provide that "[t]he Bureau shall … make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Pub.L. 101-647, § 2903, 104 Stat. 4913. Four years later, on September 13, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act ("VCCLEA"), Pub.L. 103-322, which amended the statute to provide incentives for inmate participation in Bureau substance abuse treatment programs. The incentive provision at issue is codified at 18 U.S.C. § 3621(e)(2)(B), and reads as follows:

> **Period of Custody.–** The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

(Emphasis added).

Subsequent to the enactment of VCCLEA, the Bureau issued various regulations and program statements to implement it and to provide guidance to personnel in administering § 3621(e)(2)(B)'s early release benefit. There is a long history of litigation challenging certain regulations and program statements, see Lopez v. Davis, 531 U.S. 230, 235 (2001); see also Gatewood v. Outlaw, 560 F.3d 843 (8th Cir. 2009), which does not need to be discussed for the resolution of the instant petition. It suffices to say that at the time the Bureau determined that Petitioner was not eligible to receive § 3621(e)(2)(B)'s early release benefit, the following two relevant rules were in effect.

First, in Program Statement 5162.04, Categorization of Offenses ("PS 5162.04"),[2] the Bureau listed offenses that are crimes of violence in all cases. (PS 5162.04, ¶ 6). The Bureau

---

[2] PS 5162.04 became effective on October 9, 1997. It remained in effect until March 16, 2009, when it was rescinded and replaced by PS 5162.05, which updated the list of statutory offenses categorized by the Bureau as crimes of violence.

explained that any inmate convicted of an offense categorized as a crime of violence therein was not eligible for an early release under § 3621(e)(2)(B) because that statute expressly limited eligibility to inmates convicted of nonviolent offenses. In PS 5162.04, a violation of 18 U.S.C. § 924(c)(1) is considered a crime of violence in all cases. PS 5162.04, ¶ 6. Thus, Petitioner is not eligible to receive the early release benefit. (See *Request For Unit Team Determination (Instant Offense),* attached as Ex. 2b to *Supplemental Response*, Docket No. 13). (See also *Residential Drug Abuse Program Notice To Inmate*, attached as Ex. 2a to *Supplemental Response*).

Second, in 28 C.F.R. § 550.58,[3] the Bureau also identified *additional* categories of inmates that the Bureau's Director had determined, as an exercise of the discretion afforded to the Bureau under the statute, to exclude from § 3621(e)(2)(B)'s early release benefit. At subparagraph (a)(1)(vi)(B) of the regulation, an inmate whose current offense was a felony was excluded from receiving the early release benefit if his offense involved the carrying, possession, or use of a firearm. 28 C.F.R. § 550.58 (a)(1)(vi)(B). Under this regulation, an inmate convicted of nonviolent offenses (such as felon-in-possession convictions under 18 U.S.C. § 922(g) and convictions for drug trafficking under 28 U.S.C. § 841) was precluded from receiving § 3621(e)(2)(B)'s early release benefit if the inmate had received an enhancement for weapons possession under the United States Sentencing Commission Guidelines. This regulation was not applied to Petitioner. (*Request For Unit Team Determination (Instant Offense);* see also *Residential Drug Abuse Program Notice To Inmate*).

On February 20, 2008, the United States Court of Appeals for the Ninth Circuit issued Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which held that 28 C.F.R. § 550.58(a)(1)(vi)(B) was invalid under the APA as "arbitrary and capricious" because the Bureau failed to state in the administrative record a rationale for promulgating the categorical exclusion contained in that regulation. Id. at 1112-14. The APA provides that a "reviewing

---

[3] Effective March 16, 2009, section 550.58 was superseded by a new Bureau rule, which appears at 28 C.F.R. § 550.55. See 74 Fed.Reg. 1892-99 (Jan. 14, 2009).

court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

### B. Petitioner's Claim

In April 2008, Petitioner commenced the instant proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4] As relief, he seeks an order from this Court directing the Bureau to reduce his sentence under § 3621(e)(2)(B).[5] In support, Petitioner claims that this Court should follow the Ninth Circuit Court's decision in Arrington and declare that 28 C.F.R. § 550.58(a)(1)(vi)(B) is invalid.[6]

---

[4]

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal inmate ordinarily may not bring a petition for writ of habeas corpus in federal court challenging the execution of his sentence until he has exhausted all available administrative remedies. See, e.g., United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). Exhaustion promotes the following goals: (1) it allows the appropriate agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) it permits agencies to grant the relief requested and conserves judicial resources; and (3) it provides agencies the opportunity to correct their own errors and fosters administrative autonomy. Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau argues that the petition should be dismissed because Petitioner failed to pursue an administrative appeal before he commenced this habeas proceeding. The Court is not persuaded that exhaustion is required in this case because Petitioner is not challenging the application of the Bureau's regulation to him, but its validity under the APA, which poses legal questions suited for resolution by a federal court, as opposed to the expertise of the Bureau. Additionally, no further factual development is needed, as the basis upon which the Bureau denied Petitioner the early release benefit is clear from the record, and the goals of the exhaustion requirement would not be promoted by requiring Petitioner to have pursued an administrative appeal. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (when the purposes of exhaustion would not be served by requiring the petitioner to exhaust his administrative remedies, the district court may excuse him from the exhaustion requirement). In any event, because it is clear that the petition has no merit, the Court will not dismiss it for lack of exhaustion.

[5]

A challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255. A claim concerning execution of a federal sentence the Bureau is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir. 1976). Because Petitioner is challenging the terms (*i.e.*, execution) of his sentence, his habeas petition is properly brought under 28 U.S.C. § 2241

[6]

This Court has declined to follow the Ninth Circuit Court's ruling in Arrington in previous cases. Muolo v. Quintana, 593 F.Supp.2d 776 (W.D. Pa. 2009) (Baxter, M.J.); Baxter v. Quintana, Civil Action No. 08-91, slip op., at 12 (W.D.Pa. Dec. 4. 2008) (Baxter, M.J.). Indeed, it appears that no court outside the Ninth Circuit has followed

(continued...)

4

When Petitioner filed his petition with this Court in April 2008, the Bureau had not yet issued a final decision declaring him ineligible for § 3621(e)(2)(B)'s early release benefit. On November 25, 2008, however, the Bureau did notify him that he was ineligible to receive § 3621(e)(2)(B)'s early release benefit *because he had been convicted of a crime of violence* (18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime)). (See *Request For Unit Team Determination (Instant Offense);* see also *Residential Drug Abuse Program Notice To Inmate*). As set forth above, PS 5162.04 provides that a violation of 18 U.S.C. § 924(c)(1) is considered a crime of violence in all cases. PS 5162.04, ¶ 6.[7] Importantly, Petitioner does not challenge the decision of the Bureau to classify 18 U.S.C. § 924(c) as a crime of violence.

The Bureau did not deny Petitioner the early release benefit for the reason that Petitioner anticipated when he filed his petition for writ of habeas corpus. Although Petitioner assumed that the Bureau would apply 28 C.F.R. § 550.58(a)(1)(vi)(B) to deny him the benefit, it did not. His confusion may have stemmed from a misunderstanding he had regarding his convictions. In his petition, Petitioner states that he had *only* been convicted of a nonviolent drug trafficking offense (21 U.S.C. § 841(a)(1)) and that he had received a two-point enhancement at sentencing for possession of a weapon in connection with that drug trafficking offense. Neither of these statements is accurate. Petitioner was convicted of a violent offense (18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime)) and his sentencing court *did not* apply a sentencing enhancement for possession of a weapon. (Declaration of Monica Recktenwald ¶ 4, attached as Ex. 2 to *Response*, Docket No. 9).

In sum, the Bureau did not apply 28 C.F.R. § 550.58(a)(1)(vi)(B) to deny Petitioner's

---

[6](...continued)
Arrington. The United States Court of Appeals for the Eighth Circuit is the only other court of appeals that has issued a published decision on the issue. It expressly held that it would not follow the decision in Arrington and it denied the petitioner's APA claim on the merits. Gatewood, 560 F.3d at 844-49.

[7]
In PS 5162.05, the Bureau continues to categorize a violation of 18 U.S.C. § 924(c) as a crime of violence in all cases. PS 5162.05, ¶ 3.

§ 3621(e)(2)(B) early release benefit. He advances no claim that challenges the basis upon which the Bureau actually denied him that benefit. Therefore, his petition for writ of habeas corpus is denied.

## II. CERTIFICATE OF APPEALABILITY

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is denied. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD SNOW,<br>    Petitioner,<br><br>    v.<br><br>FRANCISCO QUINTANA,<br>WARDEN, F.C.I. McKEAN,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-114 Erie<br><br><br>**Chief Magistrate Judge Baxter** |

## **ORDER**

AND NOW, this 10th day of June, 2009, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is denied. The Clerk of Courts is hereby directed to close this case.

                                                    /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge